FILED
SUPERIOR COURT
OF GUAM

2020 JUL -8 PM 2: 25

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | Criminal Case No: CF0269-20 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **Decision and Order RE: Defendant's** |
| | ) | **Motion and Application for Bail** |
| JOHN KK DAVID, | ) | **Redetermination Hearing under 8 GCA §** |
| DOB: 05/23/1995, | ) | **40.50 for Release on Personal Recognizance** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on Defendant John KK David's ("Defendant") Motion and Application for Bail Redetermination Hearing under 8 GCA § 40.50 for Release on Personal Recognizance ("Motion") filed on June 24, 2020. Defendant is represented by Zachary Taimanglo, Esq. of the Public Defender Service Corporation. After having received and reviewed the papers, arguments and the file herein, the Court issues the following Decision and Order **DENYING** Defendant's Motion seeking release on personal recognizance.

\\

\\

## BACKGROUND

In this matter, Defendant is charged with Aggravated Assault (As a 3rd Degree Felony) with a *Special Allegation: Deadly Weapon used in the Commission of a Felony* and Attempted Aggravated Assault (As a 3rd Degree Felony) with a *Special Allegation: Deadly Weapon used in the Commission of a Felony*. Mag. Compl. (May. 18, 2020). Defendant has not been indicted in this matter.[1]

Pursuant to the information provided in the People of Guam's Declaration, on the evening of May, 16, 2020, Defendant and his Co-Defendant BK Oneichy allegedly attacked two (2) people at an apartment building in Mongmong. See Mag. Comp. (May, 18, 2020). Defendant is alleged to have wielded a slingshot loaded with an unknown object, possibly a piece of rebar, and aimed it an individual named JS Sowas. *Id.* Defendant's actions with the slingshot were observed by another individual at the scene named Florentino Kosi. ("Kosi"). *Id.* As a result of Defendant's actions with the slingshot, Kosi allegedly attempted to stop Defendant from utilizing the slingshot. *Id.* Kosi's intervention allegedly resulted in Defendant discharging the slingshot causing the unknown object to allegedly strike Kosi, causing a physical abrasion to Kosi's left hand. *Id.*

Defendant appeared before Magistrate Judge Jonathan Quan on May 18, 2020. Magistrate Judge Jonathan Quan ordered Defendant's bail to be set at one thousand dollars ($1,000) cash. Commitment Order (May. 18, 2020). Defendant has been confined for this matter since his appearance before Magistrate Judge Jonathan Quan, pending the posting of one thousand dollars ($1,000) cash bail. *Id.*

\\

---

[1] Pursuant to Administrative Order No. ADM20-361, all grand jury proceedings are suspended until no earlier than July 13, 2020. Admin. Order No. ADM20-361 (July 2, 2020).

## LAW

Title 8 of the Guam Code Annotated § 40.15(b) provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines,* in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). In making such a determination, the Court is guided by the following factors:

(1) The nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) The history and characteristics of the person charged, including:

(A) length of his residence on Guam;

(B) his employment status and history, and financial condition;

(C) his family ties and relationships

(D) his reputation, character, and mental and physical condition;

(E) his prior criminal record, if any, including any record of prior release on recognizance or on bail;

(F) his history relating to drug or alcohol abuse;

(G) the identity of the reasonable members of the community who will vouch for his reliability;

(H) *whether, at the time of the current offense or arrest,* he was on probation, on parole, *or on other release pending trial,* sentencing, appeal or completion of sentence of an offense under federal, state or local law; and

(I) his/her history of *compliance with other court orders;*

(3) The nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;

(4) Statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;

(5) Lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and

\\

(6) *Any other factors which bear on the risk of willful failure to appear* or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c) (emphasis added).

## DISCUSSION

Defendant proffers he does not have the means to pay the requested cash bail and is thus seeking release on his own recognizance or unsecured bond. Mot. at 4 (Jun. 24, 2020). Defendant asserts that he does not have a criminal record and therefore has not demonstrated to the court an inability to adhere to pretrial release conditions. *Id.* Furthermore, Defendant claims that he does not present a flight risk as he lacks the means to do so. *Id.*

The Court finds the charges against Defendant are not only serious but violent as well. Defendant's alleged actions and use of a slingshot may have reasonably resulted in serious, permanent injuries or death. Furthermore, Defendant does not claim that he was provoked in any way prior to his alleged actions in this matter or that his actions were based on self-defense.

The Court also finds that although Defendant does not have a prior criminal record, he has only been a resident of Guam for just one (1) year.[2] This short term residency on Guam coupled with the fact that Defendant lacks any significant financial assets or liabilities on Guam indicates Defendant may be more likely to flee Guam due to his lack of significant responsibilities on Guam.

Lastly, Defendant has an ORAS (Ohio Risk Assessment System) score of MODERATE. However, based on the severity of the charges Defendant is facing, Defendant may be sentenced up to sixty (60) years of imprisonment in this matter. Defendant has never been confined, and the notion of possible incarceration of that magnitude could reasonably motivate Defendant to flee Guam or fail to appear at future court hearings.

---

[2] Defendant is a citizen of the Federated States of Micronesia. Mag. Summ. Rep. (May, 18, 2020).

Therefore, based on the information provided to the Court, and upon the Court finding no substantial change in circumstances since Defendant appeared before Magistrate Judge Jonathan Quan, the Court holds that reaffirming bail at one thousand dollars ($1,000.00) cash is the least onerous condition at this time.

## CONCLUSION

For the reasons stated above, Defendant's release only on personal recognizance does not sufficiently alleviate the Court's concerns at this time. Thus, the Court hereby **DENIES** Defendant's Motion and Application for Bail Redetermination Hearing under 8 GCA § 40.50 for Release on Personal Recognizance. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

**SO ORDERED** this ___July 8, 2020___ .

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM